BEULAH-WITTS CONSOL. SCHOOL DIST. *et al. v.* JOHNSON *et al.*

[89 South. 668, No. 22000.]

1. SCHOOLS AND SCHOOL DISTRICTS. *Statute requiring elections at schoolhouse held not repealed by statute providing for issuance of bonds.*

Chapter 194, Laws of 1916 (section 4004, Hemingway's Code), which provides that an election affecting any question to be submitted to the qualified electors in any consolidated school district shall be held at the schoolhouse of said district, if there be one, is not repealed by chapter 207, Laws of 1920, page 282, providing generally for the issuance of county, separate and consolidated school, and road, bonds.

2. SCHOOLS AND SCHOOL DISTRICTS. *Law providing bond election to be held as far as practicable under general election law not in conflict with and not a repeal of law fixing place, but to require conformity only in other matters.*

Section 2 (chapter 207, Laws of 1920), which provides that "such election shall be held as far as practicable in accordance with the law regulating general elections in this State," is not in conflict with and does not repeal section 4004, Hemingway's Code, which designates the schoolhouse as the place of holding the election. The place of election being designated in the specific act, chapter 207 only requires a conformity to the general election law as far as practicable in other respects.

APPEAL from chancery court of Newton county.
HON. G. C. TANN, Chancellor.

Bill by T. E. Johnson and others against Beulah-Witts Consolidated School District and others. Temporary in-

junction was issued against the defendants' selling school bonds, motion to dissolve injunction overruled, and the defendants appeal.    Affirmed and remanded.

*Wilson & Johnson* and *Paul Dees,* for appellants.

The election was valid, because it was held under and in accordance with chapter 207, Laws of Mississippi 1920, and the notice given was legal and sufficient.    The said chapter 207, Laws 1920, provided that: "such election shall be held as far as practicable in accordance with the law regulating general elections in this state."    Section 2, Chapter 207, Laws 1920.    The notice (See Record page 51,) to adult taxpayers was to class including all electors, was sufficient.

The phrase "in accordance with" is equivalent to "not repugnant," "not in conflict with" or "not inconsistent with." 4 Words and Phrases, (1 Ed.) page 3465. The laws regulating general elections in this state, all require them to be held at the regular established polling places.    There is, as we see it, no doubt whatever about this point. Place of election where the ballot box is kept while voting is in progress is a fundamental requirement or essential to the validity of an election.    This was expressly held in *Barrett et al.* v. *Cedar Hill Con. School Dist.,* 85 So. 125, which case was cited by this court with approval in *Edwards et al* v. *Board of Supervisors of Bolivar Co.,* 87 So. 8; hence, if it was practicable to hold the election in this case of October 29, 1920, at the polling places where the electors vote in regular elections, it must be done; and it was done, was found and proven practicable, and even complainants do not say it was not practicable in their bill, or in the record.    Therefore, the place of holding the election was strictly in accord with the general election law as to place. But it would have been in direct conflict with it as to place if it had been held at the schoolhouse in the consolidated school district here under consideration, because the school house in the Beulah consolidated school district was not a

regular voting place used in general elections. The law as to holding school elections at the schoolhouse, chapter 194, Laws of 1916, therefore, we are driven to the conclusion, was repealed by the later statute, that of chapter 207, Laws of 1920, so far as an election held under the last-named chapter is concerned, because it conflicts with it, in an essential particular, that no place of holding an election under said 1920 law. The court in the case of *Barrett et al. v. Cedar Hill Con. School District,* 85 So. 125, said: "In our view the legislature had a right to prescribe where the election should be held, and it is not for us to inquire into the wisdom of the legislative action. But it is our duty to give effect to its enactment. The general rule is that time and place are two essentials to be regarded in holding elections. These are fundamental, while other regulations may be treated as irregularities, which will not defeat the election where it affirmatively appears that no harm was done." The time of the election in the present case could not be the same as the general election, but the place could be and was. The 1916 act conflicts as to place with the 1920 act, and the latter provides that all acts and parts of acts, in conflict with it, are repealed. The Beulah election was held under said 1920 act, chapter 207. Hence the 1916 act could not apply. All the cases of this court we found on consolidated school elections were elections held prior to passage of the 1920 law relied on here, and under authority of other acts than that of 1920, chapter 207. As we understand it, then, the present case involves a specific question that has never been settled by this court. It is one that ought to be settled for the guidance of election officers; we think it is of public importance that the court speak in this case and settle the question. No serious objection is urged against anything in the Beulah election except the place.

In view of the above facts and the law, we respectfully submit that the learned court below erred in overruling the motion to dissolve the injunction made by defendants and that his decision ought to be reversed and the proper order entered by this court.

*Byrd & Byrd* and *M. P. Foy,* for appellees.

The question involved in this case is whether or not the election held on the proposition of issuing bonds in Beulah-Witts consolidated school district was legal. The election was called by the election commissioners, in pursuance to an order of the board of supervisors and notice was given, not to the qualified electors of said district, but to the adult taxpayers of the Beulah consolidated school district "and stated that said election will be held in said consolidated school district." Nothing was said in this notice as to the specific place where the election would be held. And in pursuance of that defective notice an election was held, at which the qualified electors of the district voted, page 51 of the record.

The election was held, not at any place designated by the notice, but at four voting precincts of the county, only one of which was within the consolidated school district. There was a school building in this district.

The place where an election is to be held must be given in the notice. This is fundamental. And it matters not what else happens, the failure to give this notice is fatal. The notice that an election would be held, in this case, falls far short of that required by law. The notice is directed to the adult taxpayers, not to the qualified electors, as the law requires. The notice states that there will be an election held in the district, but does not state any particular place in the district. And pursuant to this notice which nowhere states where the election will be held, they proceed to vote on this bond issue at four different voting precincts in the county, only one of which is within the district. Under section 4004, Hemingway's Code, the election should have been held at the school house within the district; failing in this the election is void. See 85 So. 125, 87 So. 8.

We therefore respectfully submit that the chancellor's action in this matter was correct and that this cause should be affirmed. Respectfully submitted.

SYKES, P. J., delivered the opinion of the court.

The appellees' complainants in the chancery court, by
their bill seeks to enjoin the issuance and sale of school
bonds of the appellant consolidated school district. A tem-
porary injunction was duly issued, the bill was answered,
and a motion to dissolve the temporary injunction was
heard on bill, answer, and oral testimony. An order by the
court was entered, overruling the motion, and an appeal
granted to this court.

The uncontradicted testimony taken upon the hearing
of this motion shows that the election was held at four
voting precincts in the county, and that only one of these
precincts is located within the boundaries of the consolidat-
ed school district, and that at the time of the election there
was also located within this district a schoolhouse. Chapter
194, Laws of 1916 (section 4004, Hemingway's Code), ex-
pressly provides that in any case where it becomes neces-
sary to hold an election affecting any question to be sub-
mitted to the qualified electors in any consolidated school
district, such election shall be held at the schoolhouse of
said district, or, if there is no schoolhouse, the election
shall be held at a convenient place designated by the trus-
tees of the school. In the cases of *Barrett et al.* v. *Cedar
Hill Consolidated School District et al.*, 123 Miss. 370, 85
So. 125, and *Edwards et al.* v. *Board of Supervisors of Bol-
ivar County*, 124 Miss. 165, 87 So. 8, the court held that
an election under this act was void when not held at a
schoolhouse within the boundaries of the consolidated
school district when there was a schoolhouse located there-
in.

It is the contention of the appellant that this act is re-
pealed by chapter 207, Laws of 1920, p. 282. This chapter
of the Laws of 1920 deals generally with the issuance of
county bonds, the bonds of separate and consolidated school
districts, and the bonds of road districts. It generally pre-
scribed how elections are to be ordered and held under
that act. The conclusion of section 2 of the act, which

deals with the ordering and holding of elections, provides that: "Such election shall be held as far as practicable in accordance with the law regulating general elections in this state."

The appellants contend: That since general elections are held at regular voting precincts, necessarily the place designated for holding the election of a consolidated school district at the schoolhouse is repealed. By section 6 of this act it is provided that all acts and parts of acts in conflict with it are repealed. That since an election cannot be held at the regular voting precincts and at the schoolhouse only at the same time, these acts are in conflict and that the former act is repealed. It will be noted, however, that chapter 207, Laws of 1920, is dealing generally with the issuance of county bonds, and, among others, those of consolidated school districts, and that it provides that: "Such election shall be held as far as practicable in accordance with the law regulating general elections in this state."

We think by the use of this language it was only meant that these elections should conform as far as practicable with general elections in those methods not explicitly provided for in other acts. In this case this election should have been held as far as practicable in accordance with the law regulating general elections in this state where the specific law is silent. The specific law requires the elections to be held at the schoolhouse and the elections must be held there, and should conform in other respects to the laws relating to general elections. It was not practicable to have held this election at the voting precincts because the specific law designated the schoolhouse as the proper place for holding the election. The legislature was careful to provide in this act that these elections were only to be held as far as practicable in accordance with the laws relating to general elections, meaning thereby that it was not intended to repeal laws relating to specific elections which expressly in part provided for the manner and mode in which the elections were to be held. It is only where these

other laws are silent upon these questions that they are to be held in accordance with the laws relating to general elections.

It follows that the order of the chancellor was correct in overruling the motion.

*Affirmed and remanded.*